IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHAEL T. RUSHING**                                                                                   **PLAINTIFF**

v.                                                              Civil Action No. 3:18-cv-764-TSL-RHW

**YAZOO COUNTY, a political subdivision of the State of
Mississippi by and through its governing authority
THE BOARD OF SUPERVISORS OF YAZOO COUNTY, MS,
to-wit: VAN R. FOSTER, DAVID BERRY, III,
WILLIE WRIGHT, JAYNE H. DEW AND COBIE COLLINS,
EACH IN THEIR OFFICIAL CAPACITY AND INDIVIDUALLY;
YAZOO COUNTY PUBLIC DEFENDER ALVA P. TAYLOR,
IN HER OFFICIAL CAPACITY AND INDIVIDUALLY;
JANNIE M. LEWIS-BLACKMON, INDIVIDUALLY; and the
MISSISSIPPI PUBLIC EMPLOYEES RETIREMENT SYSTEM,
a duly created and empowered agency of the State of Mississippi, by and
through its COUNSEL AND POLICY ADVISOR, DAVETTA LEE,
IN HER OFFICIAL CAPACITY**                                                                  **DEFENDANTS**

<u>**JURY TRIAL REQUESTED**</u>

<u>**COMPLAINT**</u>

     **COMES NOW**, MICHAEL T. RUSHING (Rushing), Plaintiff, and files this his

Complaint against the Defendants, **YAZOO COUNTY, a political subdivision of the State of

Mississippi by and through its governing authority THE BOARD OF SUPERVISORS OF

YAZOO COUNTY, MS, to-wit: VAN R. FOSTER, DAVID BERRY, III, WILLIE

WRIGHT, JAYNE H. DEW AND COBIE COLLINS, EACH IN THEIR OFFICIAL

CAPACITY AND INDIVIDUALLY; YAZOO COUNTY PUBLIC DEFENDER ALVA P.

TAYLOR, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY; JANNIE M. LEWIS-

BLACKMON, INDIVIDUALLY; and the MISSISSIPPI PUBLIC EMPLOYEES**

**RETIREMENT SYSTEM, a duly created and empowered agency of the State of Mississippi, by and through its COUNSEL AND POLICY ADVISOR, DAVETTA LEE, IN HER OFFICIAL CAPACITY**, and for the cause of action against the Defendants would respectfully show unto the Court in support thereof the following, to-wit:

### PARTIES

1. Plaintiff, Michael T. Rushing, is a public defender in Yazoo County, Mississippi.

2. Defendant, YAZOO COUNTY, a political subdivision of the State of Mississippi by and through its governing authority THE BOARD OF SUPERVISORS OF YAZOO COUNTY, MS, to-wit: VAN R. FOSTER, DAVID BERRY, III, WILLIE WRIGHT, JAYNE H. DEW AND COBIE COLLINS, EACH IN THEIR OFFICIAL CAPACITY AND INDIVIDUALLY may be served with process by service upon its Chancery Clerk, Honorable Quint Carver, at 211 East Broadway, Yazoo City, Mississippi 39194.

3. YAZOO COUNTY PUBLIC DEFENDER ALVA P. TAYLOR, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY may be served with process by service upon Chancery Clerk, Honorable Quint Carver, at 211 East Broadway, Yazoo City, Mississippi 39194.

4. JANNIE M. LEWIS-BLACKMON, INDIVIDUALLY may be served with process at 101 ½ Dr. Martin Luther King Drive, Lexington, Mississippi 39095.

5. MISSISSIPPI PUBLIC EMPLOYEES RETIREMENT SYSTEM, a duly created and empowered agency of the State of Mississippi, by and through its COUNSEL AND POLICY ADVISOR, DAVETTA LEE, IN HER OFFICIAL CAPACITY may be served with process at PERS, 429 Mississippi Street, Jackson, MS 39201.

**JURISDICTION AND VENUE**

6. This action is brought for deprivation of rights in employment pursuant to: 28 U.S.C. § 1983, Fourteenth Amendment, and Equal Protection - Constitution.

7. This Court has personal jurisdiction over the parties to this cause.

8. This Court has subject matter jurisdiction in accordance with 28 U.S.C. § 1331 and pendent and ancillary jurisdiction of the state law claims.

9. Venue in this Court is proper under 28 U.S.C. §1391(b), as a "substantial part of the events or omissions giving rise to the claim[s] occurred" in this district.

10. Plaintiff's request for relief is within the jurisdictional limits of this Court and will be proven at trial.

**INTRODUCTION**

11. Rushing respectfully asserts for the operative time *sub judice* he was in fact, and as a matter of law, a Yazoo County employee eligible for membership in PERS and other employee benefits, however he was deceived and deprived of these rights by the combined actions of the Defendants mis-classifying his employment as an independent contractor.

12. Rushing is entitled to immediate relief from this Court Ordering the Defendant Yazoo County to properly classify Rushing's statutorily created Public Defender position, as an employee of Yazoo County for time served, and further ordering the Defendants Yazoo County to enroll Rushing as a member of PERS, with all retroactive credits allowable by law, and that the Defendants shall jointly and separately pay all back employment benefits to which Rushing is entitled, including but not limited to, payment of the employer's contribution and employee's

contribution of any back benefits requested herein plus attorneys fees.

## ACTION ALLEGATIONS

## CREATING PUBLIC DEFENDER'S OFFICE

13. Yazoo County is responsible for providing indigent defense services for felony and juvenile defendants on a county-wide basis, and Yazoo County also provides indigent defense services for misdemeanor defendants in unincorporated areas.

14. Yazoo County provides this core mandated government function by the limited authority granted them through Mississippi Statute § 25-32-1, et seq. Mississippi Code of 1972, as amended, a statutorily created position by Order spread across the Minutes of the Board of Supervisors.

15. In most counties that have established a Public Defender office under Miss. Code Ann. § 25-32-1 the Public Defenders are properly classified as employees of that county and are eligible for membership in PERS and other employee benefits.

16. Likewise, others employed in the criminal justice system of these counties, the judge, the prosecutor, the bailiff, the court clerk, the jail guard, and the probation officer, are eligible members of the Public Employees Retirement System (PERS).

17. In contrast, in Yazoo County, those working in the criminal justice system are properly classified as employees and are all eligible for membership in PERS and other employment benefits except public defenders.

18. The Plaintiff was a Public Defender in Yazoo County, from November 1997 through December 1999 (2 years) and January 2009 through Rushing's resignation from the Yazoo

County Public Defender's Office in November 2017 (9 years).

19. Mr. Rushing possessed a property and/or liberty interest in his benefits commensurate with the other county employees in the judicial system of Yazoo County.

20. Defendants arbitrarily and capriciously improperly classified Rushing's position as "independent contractor" and "to receive no benefits".

21. The collective acts of the Defendants pertaining to creation of the Public Defender position and continued denial of benefits constitute official state/government action of the Defendant Yazoo County and amount to a policy, practice, custom, or usage of the Defendant Yazoo County. The individual Defendants acted with reckless and/or deliberate indifference to Mr. Rushing's rights.

22. The Defendants have taken even further outrageous state action to deprive Plaintiff of substantial liberty or property interests, to which Plaintiff's entitlement is clearly established by law.

23. Throughout the time Plaintiff was an Assistant Public Defender appointed by the Chief Public Defender, Devetta Lee, she continuously and openly misrepresented to the Plaintiff and other Public Defenders that PERS benefits and other employee benefits were not provided for in their contracts with the Yazoo County Board of Supervisors.

24. Rushing had no reason to not trust the Chief Public Defender and continued working under protest, however, as a result of his recent search of the Yazoo County Board minutes, Rushing did not discover a contract.

25. Additionally, Rushing believes the Court Orders signed by Defendant Judge Jannie

Lewis-Blackmon were extra judicial and without authority, and further perpetuated the deprivation of his rights.

26. Yazoo County did not make retirement contributions on Plaintiff's behalf of any kind, and did not report the Plaintiff performing indigent legal defense services to the Public Employees Retirement System (PERS).

27. Plaintiff has a legitimate claim of entitlement to those benefits as he was clearly a county employee as his position was created under Title 25 of the MS Code named "Government employees" and by Attorney General assertion of his classification in multiple Attorney General opinions referred to later.

## PUBLIC DEFENDER OFFICE AND EMPLOYEES

28. The Plaintiff adopts and agrees with the averments of the Honorable Jim Hood, the current Attorney General for the State of Mississippi since 2004, in his official advisory opinion wherein directly on point the opinion reads:

> A board of supervisors acts only through its minutes. *Lee County Bd. Of Super's v. Scott*, 909 So.2d 1223 (Miss. App. 2005). The determination of whether a county has established an office **public defender** in accordance with Section 25-32-1 of the Mississippi Code can be made by examining the minutes of the board of supervisors. There is no other statutory method for establishing an office of **public defender** in a county. (See MS Atty Gen Hood Opinion July 25, 2006).
>
> . . . . once a county has established an office of public defender in accordance with Section 25-32-1 et. seq., of the Mississippi Code, a duly appointed public defender would be considered an appointed county officer. See *Golding v. Armstrong*, 231 Miss. 889, 97 So.2d 379(1957). Assistant public defenders, appointed in accordance with Section 25-32-3 of the Mississippi Code, who are paid a regular salary by the county, monthly or otherwise, would be considered county employees. (See MS Atty Gen Hood Opinion

July 25, 2006).

29. Plaintiff has established that he was appointed in accordance with § 25-32-3 of the Miss. Code, and paid a salary by the County monthly, therefore, he was, by law, and in fact, a county employee.

30. Even further, Yazoo County controls the Public Defender and Assistant Public Defenders equal to the District Attorney and Assistant District Attorneys for purposes of employment through appointment for year round monthly salary usually for a term of 4 (four) years consistent with the term of the county's District Attorney. Yazoo County's funding of salaries with the Assistant Public Defenders controls the level of pay and benefits and/or lack thereof of individuals such as Michael T. Rushing who perform indigent legal defense services. County funds provide monthly salary to Rushing.

## COUNTY EMPLOYEES GENERALLY ELIGIBLE FOR MEMBERSHIP IN PERS

31. The fact that the County would benefit by intentionally and erroneously improperly classifying the Plaintiff despite clearly established law to the contrary, combined with the actions of the Defendants' misrepresentation of a nonexistent contract, and extra judicial Court Orders, proves Defendants breached their fiduciary and other duties owed to the Plaintiff as a matter of fact and law and violated the Plaintiff's substantive rights to the benefits as well as fundamental rights to a fair and impartial hearing.

32. Further, the Defendants breached their fiduciary duties owed to the Plaintiff and failed to protect the Plaintiff's property and/or liberty rights and/or by, failing to inform Plaintiff of its reliance on the PERS 20/80 rule and failing to inform the Plaintiff of the proper standard

and to keep a time sheet in order to prove 20/80. Moreover, at this juncture, the burden to disprove the Plaintiff was not an eligible employee should fall on the Defendants to prove. In applying similar provisions, courts of other jurisdictions have placed the burden of proof upon the party seeking to show the worker was not an employee. (*MDESC v. PDN, Inc.*, 586 So.2d 838 (Miss. 1991).

33. By breaching their statutory and/or fiduciary duties owed to protect Plaintiff's property and/or liberty entitlement to PERS and other mandated public employee benefits, specifically by their separate and/or collective failure to enroll Plaintiff in PERS and/or its failure to provide or make employer contributions on his behalf to PERS, IRS, and Social Security, as well as other breaches of duties owed to the Plaintiff, the Defendants, Yazoo County, Judge Jannie Lewis-Blackmon, Chief Public Defender, Devetta Lee, arbitrarily, capriciously, deliberately, wilfully, knowingly, intentionally, and/or negligently deprived and continue to deprive Plaintiff of clearly established substantial rights under the color of state law and in violation of the Plaintiff's substantive and procedural due process rights as actionable under 28 U.S.C. § 1983 and equal protection.

34. The aforementioned State actions, separately and combined, were the proximate cause of the Plaintiff's deprivation of employee benefits, and Plaintiff did suffer harm as a direct result.

35. Plaintiff has lost and continues to lose retirement benefits due to these omissions.

36. He is further harmed because he lost tax benefits he would have had if his retirement contributions were properly made by Yazoo County, and additionally, the actions of the Defendant violated the Social Security Act and Internal Revenue Service regulations by failure to

properly report Plaintiff's income and make the periodic contributions on his behalf as required by said Federal laws and regulations.

37. Plaintiff Rushing was denied the opportunity to choose to re-join PERS and buy back previous service credits he had previously cashed out due to Yazoo County's and others' actions and omissions.

38. Plaintiff is entitled to be properly classified as an employee and not a contract worker.

39. Plaintiff Rushing has lost and is continuing to lose retirement benefits as well as other actual damages due to Yazoo County's failure to report and contribute toward retirement benefits in PERS.

40. Plaintiff Rushing is harmed by the deprivation of retirement benefits and by the failure of Yazoo County or its agents to make the required contributions.

41. Yazoo County has further deprived Plaintiff additional rights other than PERS benefits including but not limited to employer FICA payments.

## EXHAUSTION OF STATE REMEDIES

42. Prior exhaustion of state remedies, if any, are not required as the possibility of an unfavorable outcome would be especially likely to preclude subsequent litigation of the federal issues under the doctrine of preclusion.

## CAUSES OF ACTION
## COUNT 1 – SUBSTANTIVE DUE PROCESS

43. Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 42. above as though specifically set forth herein and alleges that:

44. Mr. Rushing has legitimate claims of entitlement to the items and benefits requested herein. His entitlements are created and their dimensions are defined by existing rules or understandings that stem from Mississippi law that secure and support his claims of entitlement to those items and benefits, and/or Plaintiff has legitimate claims of entitlement in light of the policies and practices of the institution.

45. The Defendants' state action depriving Mr. Rushing of the entitlements and rights to the items and benefits requested herein denies him those privileges long recognized as essential to the orderly pursuit of happiness by free men, and are implicit in the concepts of ordered liberty such that neither liberty nor justice would exist if they were sacrificed and/or that are deeply rooted in this nation's history and tradition.

46. The Defendants are liable to Mr. Rushing for violating his Fourteenth Amendment right to substantive due process by denying him the items and benefits requested herein.

47. As a direct result of the Defendants' acts, Mr. Rushing suffered damages.

## COUNT 2 - PROCEDURAL DUE PROCESS

Claim 1 (Procedural Due Process Pre-Deprivation)

48. Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 47. above as though specifically set forth herein and alleges that:

49. Defendants breached their fiduciary and other duties owed to the Plaintiff as a matter of fact and law and violated the Plaintiff's substantive rights to the benefits as well as fundamental rights to a fair and impartial hearing.

50. Further, the Defendants breached their fiduciary duties owed to the Plaintiff and failed to protect the Plaintiff's property and/or liberty rights and/or by, failing to inform Plaintiff

of its reliance on the PERS 20/80 rule and failing to inform the Plaintiff of the proper standard and to keep a time sheet in order to prove 20/80.

### COUNT 3 - BREACH OF DUTY

51. Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 50. above as though specifically set forth herein and alleges that:

52. Defendants breached their fiduciary and other duties owed to the Plaintiff as a matter of fact and law and violated the Plaintiff's substantive rights to the benefits as well as fundamental rights to a fair and impartial hearing.

53. Further, the Defendants breached their fiduciary duties owed to the Plaintiff and failed to protect the Plaintiff's property and/or liberty rights and/or by, failing to inform Plaintiff of its reliance on the PERS 20/80 rule and failing to inform the Plaintiff of the proper standard and to keep a time sheet in order to prove 20/80.

54. The Defendants are liable to Mr. Rushing for violating his Fourteenth Amendment right to procedural due process by denying him any notice or an opportunity to be heard prior to the Board's decision to deny benefits for this position depriving him of his property interest throughout his continued employment as Public Defender for Yazoo County through November 2017.

55. As a direct result of the Defendants' acts, Mr. Rushing suffered damages.

56. The Defendants violated Plaintiff's statutory rights to be correctly classified as an employee and/or to report Plaintiff to PERS for the purpose of retirement benefits and to make the required contributions on his behalf to PERS, the IRS, and Social Security and provide all benefits to which Plaintiff was entitled as an employee of said county.

57. As a direct result of the Defendants' acts, Mr. Rushing suffered damages.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

a. Immediate relief from this Court Ordering the Defendant Yazoo County to properly classify Rushing's statutorily created Public Defender position, as an employee of Yazoo County for time served;

b. Ordering the Defendants, Yazoo County and PERS, to instantly work together to enroll Rushing as a member of PERS, with all retroactive credits allowable by law;

c. Ordering that the Defendants shall jointly and separately pay all back employment benefits to which Rushing is entitled, including but not limited to, payment of the employer's contribution and employee's contribution of any back benefits requested herein plus attorneys fees;

d. The lost PERS retirement benefits are tied directly to injunctive and/or declaratory relief, and the benefits or loss thereof would be calculated by a mechanical formula based on payroll records;

e. Plaintiff Rushing should receive monetary damages equal to the actuarial value of his pensions, including the pension value that would accrue in the future.  The actuarial value is greater than the omitted retirement contributions plus interest and related losses that Yazoo County would pay under the First Claim.  The actuarial value would also include additional sums to account for the increased taxes that would have to be paid for receiving payments for the value

of the lost pension benefits in one lump sum, instead of receiving pension benefits over time which would be taxed at lower rates;

    f.  Declaratory and injunctive relief concerning Yazoo County's duty to provide PERS retirement benefits to Plaintiff;

    g. A Protective Order for all information exchanged;

    h.  An Order requiring Yazoo County to report Plaintiff to PERS for the purpose of retirement benefits and to make all omitted contributions needed to properly fund Plaintiff's state retirement benefits;

    i.  The employee share of contributions, un-reimbursed expenses, FICA, and other tax implications damages;

    j.  OR if this Court authorizes Yazoo County to obtain reimbursement for the employee's share of omitted PERS contributions that Yazoo County is required to pay, the reimbursement amount should be offset by the loss to Plaintiff by virtue of having to reimburse the County with after-tax dollars, instead of before-tax dollars if Yazoo County had acted properly;

    k.  Monetary damages in an amount equal to the actuarial value of the lost pension including future pension value, and including an additional amount to account for the fact that Rushing will receive damages for the lost pension in one lump sum instead of in monthly pension checks which would be taxed at lower rates;

    l.  Attorney fees, compensatory or punitive;

    m.  Prejudgment interest;

    n.  Other incidental monetary relief or other relief as the Court may deem just and equitable; and

    o. Costs.

    **RESPECTFULLY SUBMITTED**, this the 1st day of November 2018.

/s/ MICHAEL T. RUSHING
MICHAEL T. RUSHING, PLAINTIFF

/s/SAMUEL D. JOINER, JR.
SAMUEL D. JOINER, JR., ATTORNEY FOR PLAINTIFF
MSBNO. 102066
JOINER LAW FIRM, L.L.C.
105 NORTH COLLEGE STREET
BRANDON, MS 39042
TELEPHONE: 601/706-4004
FACSIMILE: 888/254-5051
JOINERLAWFIRM@YAHOO.COM