```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                         NORTHERN DIVISION
```

MICHAEL T. RUSHING                                          PLAINTIFF

VS.                             CIVIL ACTON NO. 3:18-cv-764-TSL-RHW

YAZOO COUNTY, ET AL.                                       DEFENDANTS

                      <u>MEMORANDUM OPINION AND ORDER</u>

   This cause is before the court on the motion of defendants Mississippi Public Employees Retirement System (PERS) and Yazoo County Circuit Judge Janie M. Lewis-Blackmon to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court, having considered the motion and response by plaintiff Michael T. Rushing, concludes the motion should be granted.

   Plaintiff Rushing worked as an assistant public defender for eleven years in Yazoo County, first from 1997 to 1999 and again from 2009 to 2017, when he retired. He has brought this action asserting claims under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment due process and equal protection rights, and under state law for breach of fiduciary duty, based on allegations that he was improperly classified as an independent contractor of Yazoo County, rather than as an employee, and was consequently deprived of the benefits of employment, including the right to participate in the state retirement system administered by the Mississippi Public Employees Retirement System. He has named as defendants Yazoo County (the County); the Yazoo County Board of

Supervisors (the Board) and its members, in their individual and official capacities; Yazoo County Public Defender Alva P. Taylor, in her individual and official capacities; Yazoo County Circuit Judge Jannie M. Lewis-Blackmon, in her individual capacity; and the Mississippi Public Employees Retirement System (PERS).  As relief, he seeks, *inter alia*, an order enjoining Yazoo County to properly classify his public defender position as that of an employee of the County for the time he served and to make omitted contributions to PERS to properly fund his retirement account and enjoining Yazoo County and PERS to "work together to enroll [him] as a member of PERS, with all retroactive credits allowable by law...."  He also seeks an award from "all defendants" of "all back employment benefits," and in addition, seeks compensatory damages representing the actuarial value of his pensions over and above the omitted contributions.

PERS moves for dismissal of plaintiff's claim against it for monetary relief on the basis of Eleventh Amendment immunity, while Judge Lewis-Blackmon moves for dismissal of the claims against her on the basis of judicial immunity.

PERS

With respect to PERS, Rushing states in his response to PERS' motion that he is "not seeking monetary damages against PERS."

With this understanding, PERS' motion to dismiss the claim for monetary relief will be granted.[1]

Judge Lewis-Blackmon

While Rushing alleges in his complaint that "*Defendants* arbitrarily and capriciously improperly classified [his] position as 'independent contractor' and 'to receive no benefits'" and refers to "[t]he collective acts of the *Defendants* pertaining to creation of the Public Defender position and continued denial of benefits" (emphasis added), his single allegation directed specifically to Judge Lewis-Blackmon is that she "perpetuated the deprivation of his rights" through "Court Orders ... [which he believes] were extra judicial and without authority...." While not clear from the complaint, Rushing's response to the motion points to a specific court order to which this allegation refers, namely a January 15, 2015 order by which Judge Lewis-Blackmon reappointed Alva Taylor as the Yazoo County public defender for a four-year term commencing January 1, 2015. Rushing further explains in his response that the basis for his claim against Judge Lewis-Blackmon is language in that order which describes the

---

[1] Although the complaint also seeks injunctive relief against PERS, PERS has limited the present motion to the claim for monetary relief, advising that it will file a separate motion for dismissal of the claim for injunctive relief. Rushing, in response, argues that PERS has waived its right to seek dismissal of the claim for injunctive relief. Though the court perceives no valid basis for his position, the issue is not properly before the court at this time, as PERS is not presently seeking dismissal of the claim for injunctive relief.

3

public defender and assistant public defenders as "contract employees retained to provide indigent representation to defendants charged with felonies in Yazoo County." It is this language to which Rushing objects as having "perpetuated the deprivation of his rights."

Judge Lewis-Blackmon seeks dismissal of Rushing's claims against her on the basis of judicial immunity. "A judge generally has absolute immunity from suits for damages." Davis v. Tarrant Cty., Tex., 565 F.3d 214, 221 (5th Cir. 2009) (citing Mireles v. Waco, 502 U.S. 9, 9-10, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (citations omitted)). "Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." Id. (citing Mireles, 502 U.S. at 11, 112 S. Ct. 286).[2] Judicial immunity may be overcome in only two circumstances: (1) where the actions complained of were nonjudicial in nature, that is, were not taken in the judge's judicial capacity; and (2) where the judge's actions, though judicial in nature, were taken "in complete absence of all jurisdiction." Id. at 221 (quoting Mireles, 502 U.S. at 11, 112 S. Ct. 286). See also Kemp ex rel. Kemp v. Perkins, 324 F. App'x 409, 411 (5th Cir. 2009) ("Absolute judicial immunity extends to all judicial acts which are not performed in

---

[2] Judge Lewis-Blackmon argues that her judicial immunity extends to any claim for injunctive relief. However, the court does not read the complaint as asserting a claim for injunctive relief against her, and Rushing does not suggest otherwise in his response.

4

the clear absence of all jurisdiction.") (internal quotation marks and citations omitted).

Rushing does not dispute that Judge Lewis-Blackmon acted in her judicial capacity when entering orders appointing a public defender.[3]  He argues, though, that by ordering that the public defender and assistant public defenders were "contract employees, employed at the will of the circuit judge," Judge Lewis-Blackmon acted "completely without jurisdiction and in the face of clearly valid statutes expressly depriving her of jurisdiction."  His argument is without merit.

"[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him."  Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).  "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.  A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to

---

[3] In the court's opinion, her acts were judicial in nature.  Cf. Davis v. Tarrant Cty., Tex., 565 F.3d 214, 226 (5th Cir. 2009) ("the act of selecting applicants for inclusion on a rotating list of attorneys eligible for court appointments is inextricably linked to and cannot be separated from the act of appointing counsel in a particular case, which is clearly a judicial act, and therefore that the judges' acts at issue in this suit must be considered to be protected by judicial immunity.").

5

liability only when he has acted in the "clear absence of all jurisdiction." Id., 98 S. Ct. 1099 (internal quotation marks omitted). See also Davis v. Bayless, 70 F.3d 367, 373 (5th Cir. 1995) (inquiry "is not whether the judge actually had jurisdiction, or even whether the court exceeded its jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power"); Malina v. Gonzales, 994 F.2d 1121, 1125 (5th Cir. 1993) ("Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes."). The dispositive question is thus whether Judge Lewis-Blackmon "merely acted in excess of [her] authority in issuing the [subject order], and is thus protected by judicial immunity, or whether [she] acted in clear absence of all jurisdiction." Malina, 994 F.2d at 1125. The answer is clear: irrespective of whether her order may have contained language that exceeded her authority, she plainly did not act in the "clear absence of all jurisdiction."

Mississippi Code Annotated § 25-32-1 authorizes a county board of supervisors to

> establish an office of public defender, to provide office space, personnel and funding for the office, and to perform any and all functions necessary for the efficient operation of such an office to the end that adequate legal defense for indigent persons accused of crime shall be provided at every critical stage of their cases as an alternative to court appointed counsel.

6

Miss. Code Ann. § 25-32-1. Section 25-32-3(1) provides that when an office of public defender is established, the circuit judge of the county "shall appoint a practicing attorney to serve ... as public defender" from a list of attorneys approved by the county bar association. Miss. Code Ann. § 25-32-3(1). If the board has authorized appointment of assistant public defenders, "the public defender shall appoint all assistant public defenders." Id. § 25-32-3(2).

Pursuant to these statutes, the Yazoo County Board of Supervisors initially established the Office of Public Defender for Yazoo County by order adopted October 6, 1997. The Board's order provided for the appointment of a public defender and three assistant public defenders; set compensation for each at $50,000 each per year, which was also to be used to cover expenses; and recited that "[s]aid Public Defender and assistants shall not receive retirement, insurance, workmen's compensation and other fringe benefits of employees of the county." Judge Lewis-Blackmon entered an initial order in 1997 appointing the first public defender, and entered additional orders from time to time appointing successive public defenders, until 2005, when the Board dissolved the Office of Public Defender.[4] At that point, she entered an order providing for the creation of a list of attorneys

---

[4] There is nothing in the record to explain the circumstances relating to the termination of the public defender's office.

to be appointed to represent indigent defendants on a rotating basis.  In October 2008, the Board reestablished the Office of Public Defender and again provided for appointment of a public defender and three assistants; established annual compensation of $200,000 for the office, including expenses; and recited that the public defender and assistants "shall not receive retirement, insurance, workmen's compensation and other fringe benefits of employees of the county."  By order entered December 12, 2008, Judge Lewis-Blackmon appointed Alva Peyton-Taylor as public defender and directed Taylor to appoint three assistants and set their compensation.  By subsequent orders entered in 2011 and 2015, Judge Lewis-Blackmon reappointed Taylor as public defender; Taylor, in turn, reappointed Rushing as assistant public defender.  The 2015 order contained the language to which Rushing objects: "The Public Defender and assistant Public Defenders are contract employees retained to provide indigent representation to defendants charged with felonies in Yazoo County."

Rushing acknowledges that Judge Lewis-Blackmon had clear authority under § 25-32-3 to appoint a chief public defender.  And while he insists that his claims against her are not based on her actions in appointing a public defender but rather in characterizing the public defender and assistant public defenders in such a way (as "contract employees") as to "make it appear the Plaintiff is an at will contract employee of the Circuit Court",

the fact that she indisputably had "some jurisdiction" over the appointment of the public defender entitles her to the protection of judicial immunity. Her motion to dismiss will therefore be granted.[5]

Conclusion

Based on the foregoing, it is ordered that the motion of defendants PERS and Judge Lewis-Blackmon to dismiss is granted, as set forth herein.

SO ORDERED this 26th day of March, 2019.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[5] Rushing argues in his response that the County, Taylor, and Judge Lewis-Blackmon "intentionally decided to deny [him] ... benefits," and that her order "served as giving the [Board] and [Taylor] a 'godfather' type protection that is illegal but powerful perpetuating the Defendant's ability to dismiss Plaintiff's inquiries into PERS benefits during his employment." However, her motivation is immaterial to the judicial immunity inquiry. See Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (citation omitted) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'").

9